## HAYWARD v. BILLINGS.

*Payment.    Promissory Note Given for Antecedent Debt.*

C. gave plaintiff his note for interest due on other notes that plaintiff held against him, some of which were signed by defendant as surety, and agreed to secure the same by mortgage. There was no agreement whether said note should operate as payment of the interest or not, but plaintiff took it, and indorsed the interest as paid on the other notes, relying on C's promise to furnish security, which he never did. Subsequently, plaintiff and C. agreed that said note should not operate as payment of the interest, and C. took it up, and wrote a cancellation upon the original notes of the indorsements of interest thereon. *Held*, that said note did not operate as payment of the interest.

General Assumpsit. Plea, general issue, with notice of payment. Trial by the court, September Term, 1874, Wheeler, J., presiding.

The plaintiff introduced in evidence two promissory notes, signed by John Cain and the defendant, with *surety* after the name of

the defendant on each. The court found that defendant was a surety in fact on the notes, and that immediately before the first Tuesday in March, 1873, the plaintiff called upon Cain, who was then apparently responsible, to pay something on some past-due notes that he held against Cain alone that were unsecured, and to pay the interest on the notes in suit; that Cain then agreed to give plaintiff a note secured by mortgage on real estate for the interest on all said notes to January 1, 1873; that said interest was computed by the parties at seven per cent. and a note drawn and signed by Cain for the amount thereof, and the interest indorsed upon the notes; that the parties went to an attorney's office to have the mortgage drawn, but that the making thereof was delayed for Cain to procure his deeds from which to take a description of the premises; that said note was left with plaintiff, without any agreement or understanding between the parties as to whether it should operate as a payment of the interest or not; that the note was received by plaintiff and the interest indorsed, relying upon Cain's agreement to furnish the security. Cain did not furnish the security, and soon failed in business and left the state, and was gone about two months, and returned. As soon after his return as the plaintiff could do so, he called on Cain for the security, which Cain could not and did not then furnish. Cain then agreed that the note should not be treated as payment of the interest, and took up the note and wrote a retraction of the indorsements upon the original notes. It appeared from testimony of the plaintiff himself on cross-examination, that at the time said agreement was made for Cain to give his note secured by mortgage as aforesaid, it was understood by plaintiff that defendant had signed said notes as surety for said Cain; and it was also understood, that upon the payment of the interest on the notes for the time for which interest was indorsed, the payment of the balance of said notes should be extended; but there was no evidence of the length of time of such extension, and no agreement for such extension was made in writing.

The court rendered judgment for the plaintiff for the amount of the notes in suit, and interest, deducting indorsements, and de-

ducting the interest to January 1, 1873, to which both parties excepted.

*J. C. Baker*, for plaintiff.

*Prout, Simons & Walker*, for defendant.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The first question presented by the exceptions is as to the correctness of the decision of the court below in holding that the interest upon the notes in suit had been paid up to the 1st of January, 1873. It appears that an agreement was entered into between the plaintiff and Cain, the principal in the notes, that the plaintiff would take the note of Cain for the amount of the interest up to that date, reckoned at seven per cent., secured by mortgage, in payment of such interest. This note was made and delivered to the plaintiff, and he indorsed the interest upon the notes, and then the parties went to an attorney's office to have the mortgage made and executed to secure the note he had so received, but the execution of the mortgage was delayed, and finally was never executed. There was nothing to show that any other agreement as to the payment of the interest was ever entered into between the said parties. The case shows that the indorsements were made by the plaintiff, relying upon Cain's agreement to furnish the security. This we think did not operate as a payment of the interest. The plaintiff did not agree to take the note without the security as payment. The indorsement was prematurely made. Such an indorsement was no more a payment than it would have been if Cain had agreed to pay the money, and had taken it out and stood with it in his hand, and the plaintiff, relying upon his promise, had taken his pen and indorsed the interest, as in this case, and then Cain had put the money in his pocket and walked off. A subsequent agreement of Cain that such indorsement should not be a payment, would be of no effect whatever. This being so, we have no occasion to pass upon the other questions in the case.

Judgment of the County Court reversed, and judgment for the plaintiff for the amount due upon the notes, disregarding the indorsement of the interest to January 1, 1873.